*Cavarena Watson v. 1180 Peachtree Office Investors, LLC and GE Asset Management, Incorporated*
*United States District Court, Northern Division, Atlanta Division*
*Civil Action File Number:  TBA*

*Re:  Defendants 1180 Peachtree Office Investors, LLC and GE Asset*
     *Management, Incorporated's Petition for Removal*

# EXHIBIT A:

## PETITION FOR REMOVAL

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

CIVIL ACTION FILE NO. _____

\*\*\* NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL PLEADINGS MUST BE E-FILED \*\*\*\*
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

Cavarera Watson

1757 Woodland Dr.

Stone Mountain, Georgia 30083

Plaintiff's Name, Address, City, State, Zip Code

Civ. No. 14EV000873A

vs.

GE Asset Management, Incorporated et. al.

Registered Agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [.....] ACCOUNT | PRINCIPAL $_____ |
| [___] CONTRACT | |
| [___] NOTE | INTEREST $_____ |
| [x] TORT | |
| [___] PERSONAL INJURY | ATTY. FEES $_____ |
| [___] FOREIGN JUDGMENT | |
| [___] TROVER | COURT COST $_____ |
| [___] SPECIAL LIEN | |
| [x] NEW FILING | |
| [___] RE-FILING: PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Robert U. Weigh

Address: One Decatur Town Center Suite 300, 150 Ponce de Leon Avenue

City, State, Zip Code: Decatur, Georgia 30030            Phone No.: 404-923-7498 (direct)

An answer to the complaint, which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through Lexis Nexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Avenue, S.W., Room TG-100, Atlanta, Georgia 30303 or at the e-filing public access terminal at the Clerk's Office's North Annex at 7741 Roswell Road, Atlanta, Georgia 30350.

This _____                         Angela Dash, Chief Deputy Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more-Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:
Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____         _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
  Civil Division

CIVIL ACTION FILE NO. _____
  \*\*\* NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL
PLEADINGS MUST BE E-FILED \*\*\*\*
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

Cavarena Watson
_____

CIV.   14EV000873A
AU.

1757 Woodbend Dr.
_____

Stone Mountain, Georgia  30083
_____

Plaintiff's Name, Address, City, State, Zip Code


  vs.


1160 Peachtree Office Investors,LLC  et. al.

Registered Agent Corporation Service Company, 40 Technology Parkway,

South,#300 Norcross, Georgia  30092

Defendant's Name, Address, City, State, Zip Code

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve

a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Robert U Wright _____

Address: One Decatur Town Center,Suite 300, 150 Ponce de Leon Avenue

City, State, Zip Code: Decatur, Georgia  30030 _____   Phone No.: 404-923-7495 (direct)

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ....] ACCOUNT | PRINCIPAL $_____ |
| [____] CONTRACT | |
| [____] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [____] PERSONAL INJURY | ATTY. FEES $_____ |
| [____] FOREIGN JUDGMENT | |
| [____] TROVER | COURT COST $_____ |
| [____] SPECIAL LIEN | \*\*\*\*\*\*\*\*\*\*\* |
| [ x ] NEW FILING | |
| [____] RE-FILING: PREVIOUS CASE NO. _____ | |

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, via electronic filing through Lexis Nexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Avenue, S.W., Room TG-100, Atlanta, Georgia 30303 or at the e-filing public access terminal at the Clerk's Office's North Annex at 7741 Roswell Road, Atlanta, Georgia 30350.

This _____

Angela Dash, Chief Deputy Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, Is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00  and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**

Served , this _____ day of _____, 20_____.

  _____
  DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| CAVARENA WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO.:   14EV000873A |
| | ) |
| 1180 PEACHTREE OFFICE | ) |
| INVESTORS, LLC and GE ASSET | ) |
| MANAGEMENT, INCORPORATED, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |
| | ) |

### COMPLAINT FOR PERSONAL INJURY

**COMES NOW**, Cavarena Watson, by and through and her counsel, and for her Complaint, shows the Court the following:

### PARTIES, JURISDICTION AND VENUE

1.

Cavarena Watson (hereinafter "Ms. Watson") is a resident of Dekalb County, Georgia.

2.

Defendant 1180 Peachtree Office Investors, LLC (hereinafter "Defendant 1180 Peachtree") is a corporation authorized to transact business in the State of Georgia. Defendant 1180 Peachtree may be served upon its registered agent, Corporation Service Company, 40 Technology Parkway, South, #300, Norcross, Georgia 30092.

3.

Defendant GE Asset Management, Incorporated (hereinafter "Defendant GE Asset") is a Delaware Corporation transacting business in Fulton County, Georgia. Defendant GE Asset may be served upon its registered agent, The Corporation Trust Company, Corporation Trust Center,

1209 Orange Street, Wilmington, Delaware 19801. Defendant GE Asset is not registered with the Secretary of State of Georgia to transact business in the State of Georgia.

4.

Defendant 1180 Peachtree and Defendant GE Asset (collectively referred to as "Defendants") are subject to the jurisdiction and venue of this Court.

## NATURE OF ACTION

5.

This Complaint is brought to recover for personal injuries sustained by Ms. Watson resulting from the negligence of Defendants by failing to maintain their premises in a safe manner.

## FACTUAL BACKGROUND

6.

On or about May 4, 2012, Mrs. Watson was an employee of Highlands Bakery which was a tenant at the office tower located at 1180 Peachtree Street, Atlanta, Fulton County, Georgia (hereinafter referred to as "the 1180 Building")

7.

At all pertinent times, Defendant 1180 Peachtree was the Ground Lessee for the 1180 Building.

8.

At all pertinent times, Defendant 1180 Peachtree maintained custody and control of the 1180 Building.

9.

At all pertinent times, the 1180 Building was managed by Defendant GE Asset.

-2-

10.

At all pertinent times, Defendant GE Asset maintained custody and control of the 1180 Building.

11.

On May 4, 2012 and during her hours of employment, Ms. Watson walked from Highlands Bakery towards the 1180 Building's designated break area located on the premises of the 1180 Building. While on the premises of the 1180 Building and on her way to the subject break area, Ms. Watson slipped on a slick area of concrete which caused her to fall to the ground (hereinafter referred to as "subject premises area").

12.

The tripping hazard imposed by the slick area of concrete was a dangerous condition.

13.

Ms. Watson had absolutely no prior knowledge of the dangerous condition that existed at the subject premises area, as described above.

14.

Defendants knew or should have known of the said dangerous condition and failed to exercise extraordinary care protecting Ms. Watson.

15.

Defendant 1180 Peachtree was negligent in failing to maintain the subject premises area, over which it had custody and control, in a safe manner, including, but not limited to, failing to prevent or remedy the dangerous condition which caused Ms. Watson to fall.

16.

Defendant GE Asset was negligent in failing to maintain the subject premises area, over which it had custody and control, in a safe manner, including, but not limited to, failing to prevent or remedy the dangerous condition which caused Ms. Watson to fall.

17.

Defendant 1180 Peachtree was negligent in failing to warn Ms. Watson of the dangerous condition.

18.

Defendant GE Asset was negligent in failing to warn Ms. Watson of the dangerous condition.

19.

Defendant 1180 Peachtree was negligent in failing to exercise ordinary care and keeping the subject premises area safe pursuant to O.C.G.A. § 51-3-1.

20.

Defendant GE Asset was negligent in failing to exercise ordinary care and keeping the subject premises area safe pursuant to O.C.G.A. § 51-3-1.

21.

As a proximate result of Defendants' negligence and failure to exercise extraordinary diligence, Ms. Watson was severely and permanently injured.

22.

Since Defendants were negligent, as described above, and since said negligence resulted in severe and permanent injuries to Ms. Watson, Ms. Watson is entitled to recover of said Defendants all damages allowed under Georgia law, including, but not limited to, past, present

and future mental and physical pain and suffering, past, present and future medical expenses and past, present and future lost wages.

## COUNT ONE – NEGLIGENCE OF DEFENDANT 1180 PEACHTREE

23.

Plaintiff re-alleges and adopts the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24.

At all pertinent times, Ms. Watson was an invitee and was lawfully, and for a lawful purpose, on the premises of the 1180 Building.

25.

Defendant 1180 Peachtree owed Ms. Watson a non-delegable duty to exercise extraordinary care and keep the premises safe.

26.

As Ground Lessee of the 1180 Building, Defendant 1180 Peachtree was responsible for ensuring the safety, proper maintenance and preventing unsuspecting third parties, to include business invitees or patrons, from being injured on the premises of the 1180 Building, to include the subject premises area.

27.

Defendant 1180 Peachtree violated its duties concerning keeping the subject premises safe at the 1180 Building by failing to ensure the proper maintenance of the subject premises area that posed a risk of injury, as set forth above, to Ms. Watson and others.

28.

Defendant 1180 Peachtree had superior knowledge of the maintenance, condition and existence of the dangerous condition posed by the subject slick concrete.

29.

Defendant 1180 Peachtree was negligent by failing to warn Ms. Watson of the dangerous condition.

30.

Defendant 1180 Peachtree was also negligent by failing to exercise ordinary care in keeping the subject premises area safe pursuant to O.C.G.A. § 51-3-1.

31.

As a direct, proximate and foreseeable result of Defendant 1180 Peachtree's negligence, Ms. Watson received temporary and permanent injuries resulting in past, present and future mental and physical pain and suffering, past, present and future lost wages, past, present and future medical expenses and other damages.

## COUNT TWO - NEGLIGENCE OF DEFENDANT GE ASSET

32.

Plaintiff re-alleges and adopts the allegations contained in Paragraphs 1 through 31 as if fully set forth herein.

33.

At all pertinent times, Ms. Watson was an invitee and was lawfully, and for a lawful purpose, on the premises of the 1180 Building.

34.

As manager and operator of the subject 1180 Building, Defendant GE Asset owed Ms. Watson a non-delegable duty to exercise extraordinary care and keep the premises safe.

35.

At all pertinent times, areas inside the 1180 Building, to include the subject premises area, were managed by Defendant GE Asset and said Defendant was responsible for ensuring the safety, proper maintenance and preventing unsuspecting third parties, to include business invitees or patrons, from being injured on such premises of the 1180 Building.

36.

Defendant GE Asset violated its duties concerning keeping safe the subject premises at the 1180 Building by failing to ensure the proper maintenance of the subject premises area that posed a risk of injury, as set forth above, to Ms. Watson and others.

37.

Defendant GE Asset had superior knowledge of the maintenance, condition and existence of the dangerous condition posed by the subject slick concrete.

38.

Defendant GE Asset was negligent by failing to warn Ms. Watson of the dangerous condition.

39.

Defendant GE Asset was also negligent by failing to exercise ordinary care in keeping the subject premises area safe pursuant to O.C.G.A. § 51-3-1.

-7-

40.

As a direct, proximate and foreseeable result of Defendant GE Asset's negligence, Ms. Watson received temporary and permanent injuries resulting in past, present and future mental and physical pain and suffering, past, present and future lost wages, past, present and future medical expenses and other damages.

**WHEREFORE**, Plaintiff Cavarena Watson prays as follows:

a)   That process issue and that Defendants be served according to law;

b)   That Plaintiff Cavarena Watson have a trial by jury of her peers;

c)   That Plaintiff Cavarena Watson have judgment against Defendants for all damages allowed under Georgia law and in a manner to be proven at the time of trial;

d)   That the cost of the within action be cast upon Defendants; and

e)   Such other and further relief as this Court deems just and appropriate.

This  23 rd  day of April, 2014.

KATZ, STEPP, WRIGHT & FLEMING, LLC

Robert U. Wright
Georgia State Bar No. 778750
Attorney for Plaintiff

One Decatur Town Center, Suite 300
150 Ponce de Leon Avenue
Decatur, GA 30030
404-240-0400 Office
404-923-7495 Direct
404-240-0401 Fax
rwright@robertwrightlaw.net

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

CAVARENA WATSON,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )   CIVIL ACTION
                                          )   FILE NO.:   14EV000873A
                                          )
1180 PEACHTREE OFFICE                     )
INVESTORS, LLC and GE ASSET               )
MANAGEMENT, INCORPORATED,                 )
                                          )
        Defendants.                       )
                                          )

### PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT 1180 PEACHTREE OFFICE INVESTORS, LLC

COMES NOW, Cavarena Watson, Plaintiff in the above-referenced action, by and through her attorney, pursuant to O.C.G.A. §§ 9-11-26, 9-11-33 and 9-11-34, serves her First Interrogatories and Request for Production of Documents to Defendant 1180 Peachtree Office Investors, LLC (hereinafter referred to as "Defendant 1180 Peachtree") requiring full and complete responses within forty-five (45) days from service under oath in accordance with the Georgia Civil Practice Act.

### DEFINITIONS

The following definitions shall apply to each of these Interrogatories.

(a)     The definitions, abbreviations and nomenclature used in the subject Complaint are incorporated herein by reference.

(b)     The terms "person" and "persons" shall mean and include any natural person, partnership, corporation, joint venture, unincorporated association, government or agency, quasi-public agency or entity, and any other form of entity of whatever kind.

(c)     The term "identify" when used with respect to a person, shall include the person's full name, present or last known residential and business addresses, and present or last known residential and business telephone numbers.

(d)     The term "identify" when used with regard to a corporation, partnership, joint venture, company, business entity, or other organization, shall include the full and proper name of the organization, the type of organization, and the principal place of business and the address of the principal place of business of such organization.

(e)     The term "identify" when used with regard to a person(s) shall include the full and proper name of such person(s) and the last known residence and employment address and telephone number of such person(s).

(f)     The terms "refer" or "relating to" shall mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical or causal connection.

(g)     The terms "and" as well as "or" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.

(h)     Whenever necessary to bring within the scope of an interrogatory any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "any" includes "all," and "all" includes "any."

-2-

(i)     The use of feminine pronouns shall be deemed to include the masculine and neuter, and the use of masculine pronouns shall be deemed to include the feminine and neuter.

(j)     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

(k)     The term "you" or "your" shall refer to the defendant(s) to whom these interrogatories and requests for production of documents are addressed.

(l)     The term "Defendant," or any synonym thereof, in intended to, and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of the Defendants.

## INSTRUCTIONS

The following instructions shall apply to each of Plaintiff's First Interrogatories.

(a)     Please provide complete, thorough responses to each of the following interrogatories to the best of your ability.

(b)     Each and every interrogatory shall be deemed continuing in nature so as to require the responding party to promptly supplement answers to any such interrogatory pursuant to the Georgia Civil Practice Act.

(c)     Pursuant to the Georgia Civil Practice Act, the responding party has a continuing duty to amend any response if it obtains information at any time following service of the response on the basis of which (a) the responding party knows that the response was incorrect when made, or (b) the responding party knows that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

-3-

(d)     If the responding party cannot answer an interrogatory in full, the responding party shall answer nonetheless to the extent possible and provide an explanation of the reason or reasons why the responding party cannot provide a complete response.

(e)     With respect to any objection made regarding any interrogatory that the information requested is privileged in any way, such information must nonetheless be identified in accordance with Instruction © above, and the specific factual and legal foundation for the objection must be stated.

(f)     If the responding party does not feel that he, she or it can properly respond to any interrogatory because a material term is vague, the responding party has a duty to give the term its broadest definition and respond to the best of his, her or its ability.  If the responding party limits a response in any way based on a contention that a particular term or terms are vague, the response given should indicate what definition of the allegedly vague term was used in preparing the response.

## INTERROGATORIES

1.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses, to include, but not limited to, security guards working in the area of the parking lot of the 1180 Building, known to this Defendant who saw, or claim they saw Ms. Watson before, during or after her subject fall on May 4, 2012.

2.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to

-4-

this Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence. Such witness should include, but not limited, security guards, a person in a management position of the building named "Larry" and an African-American assistant to "Larry" who took photographs of the subject premises area where Ms. Watson fell with a camera, iPhone or the like.

3.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons known to this Defendant who have knowledge of relevant information, facts or circumstances in this case.

4.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who have given written or recorded statement(s) covering the facts and/or circumstances of the incident which is the subject matter of this litigation. Further, identify each such statement with sufficient particularity to satisfy a Request for Production of Documents.

5.

On the event you or anyone acting in your behalf have or have knowledge of any photographs or other pictorial representations, to include, but not limited to, security videotape, concerning the events and happenings alleged in Plaintiff's Complaint, please state the following:

    (a)    its nature;

    (b)    its specific subject matter;

    (c)    the date it was made or taken;

(d)     the name and address of the person making or taking it;

(e)     what each item purports to show; and

(f)     the name, address and telephone number of the person having custody of each
such item or items.

Such Interrogatory includes, but is not limited to, all photographs taken by an African-American assistant to "Larry" referenced above, as well as all security videotape or the like which, to Ms. Watson's knowledge, filmed the subject fall by Ms. Watson.

6.

Please state the name, address, and telephone number of each person (whether your employee or not), who, by virtue of his experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation. With respect to each such person, please state the following:

(a)     the subject matter said person was retained to study or investigate;

(b)     the substance of the facts and opinions or conclusions found or arrived at by each
such person;

(c)     a summary of the facts or grounds for the opinions and conclusions of each such
person; and

(d)     whether or not such person provided you with a written or recorded statement or
report concerning their study or investigation, and if so, please state the date of
the report, the name and address of the preparer of the report, and the name and
address of all persons known to you to have a copy of each such statement or
report.

-6-

7.

Please state the name, address and telephone number of all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter, and with respect to each such person, please state the following:

    (a)    the specific subject matter on which you expect such expert to testify;

    (b)    the substance of the facts, opinions and conclusions to which you expect such expert to testify;

    (c)    a summary of the facts or grounds for each such opinion or conclusion; and

    (d)    whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation and, if so, the name and address of all persons who have custody of such report or statement.

8.

State whether there is or was in existence any policy or policies of liability insurance which would or might enure to the benefit of the Plaintiff here by providing for payment of a part of, or all of any judgment rendered in favor of the Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to the Plaintiffs by reason of the incident described in the Complaint, and if the answer is yes, state as follows as to each such policy of insurance known or believed to exist by you or your attorneys:

    (a)    the name and address of the insurer on each such policy;

    (b)    the name and address of each named insured on each such policy;

    (c)    the relationship, if any, between each named insured on each such policy, and any named Defendant in this cause;

    (d)    the policy number of each such policy;

(e)  the name and address of any firm, person or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, and the relationship, if any, between such "additional insured" and any named Defendant in this cause of action;

(f)  the limits of liability of such policy as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident;

(g)  whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of, or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment;

(h)  whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved and if the answer is "yes," describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice; and

(i)  whether or not all "excess" and "catastrophe" and "umbrella" policies known to exist are listed above and if not, why not.

9.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who are believed by you to have knowledge about and concerning the physical condition of Ms. Watson prior to and following the incident described in the Complaint.

10.

If you contend that Plaintiff has brought suit against the wrong entity due to a misnomer or otherwise, please state the complete name of the correct Defendant in this action.

11.

If you contend that venue or jurisdiction is improper in the within action, please give the facts upon which you base that contention.

12.

State the name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles or capacities, and present whereabouts of any and all persons who were responsible for inspecting the subject premises area where Ms. Watson slipped and fell from May 4, 2010 to May 5, 2012.

13.

State the name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles or capacities, and present whereabouts of any and all persons known to Defendant who fell on or around the subject premises area through and including the date of Ms. Watson's fall on May 4, 2012.

14.

In reference to the "fall" of the individuals identified in the previous Interrogatory, please state the following:

    (a)    the precise location on the premises where the individual tripped and fell;

    (b)    the cause which said individual alleges was responsible for the fall; and

    (c)    the name, addresses, home  telephone numbers, present place of employment, work telephone numbers, job titles or capacities and present whereabouts of any

and all persons having knowledge regarding said fall and the identity of any document which refers to, reflects or evidences such fall..

15.

Please state the name, address, telephone number and last known whereabouts of any and all individuals, companies and/or entities who were responsible for maintaining the subject premises area where Ms. Watson fell from May 4, 2010 to May 5, 2012.

16.

Please state the name, address, telephone number and last known whereabouts of any and all individuals, companies and/or entities who were responsible for supervising the subject premises area where Ms. Watson fell from May 4, 2010 to May 5, 2012.

17.

Please define your interest in and/or your relationship to the 1180 Building at the time of the subject incident. (i.e. owner, lessee, manager, etc.)

18.

Did this Defendant receive or learn of any complaint, warning, or other notice from any source, concerning any slippery or slick concrete area at or near the subject premises area prior to the accident? If so, for each complaint, warning or other notice, please state the date and time it was received; whether it was written, or oral, and if oral, the substance of it; the name, address and job title of the person who provided and received it; whether any action was taken as a result of it, and if so, a description of the action, the time at which it was taken, and the identity of any document that refers to, reflects or evidences such complaint, warning or other notice.

19.

During the two year period prior to Ms. Watson's fall, was any inspection(s) of the subject premises area made to determine whether the subject area was in a safe condition for pedestrian traffic? If so, please state the frequency of such inspections; the date and time of each such inspection prior to the accident; the name, address, and job title of the person who made each such inspection; a description of, or the substance of, the findings that were made on each such inspection; whether any instructions were given as a result of each such inspection to alter anything in the area of the accident and the identify of any document which refers to, reflects or evidences any and all such inspections from May 4, 2010 to May 4, 2012.

20.

Was any warning given to the Plaintiff or any other person concerning any danger in the area where the subject fall occurred prior to the subject fall?

21.

Was any repair and/or alteration, to include, but not limited to, patching, made subsequent to the subject incident in or around the subject premises area where Ms. Watson was injured on May 4, 2012?

22.

If the answer to Interrogatory number 21 above is in the affirmative, describe in detail the following:

(a)     the date(s) of each such repair and/or alteration (it is Ms. Watson's understanding that within a few days after her fall, there were patches of concrete or the like that were placed at and around the subject premises area);

(b)     the exact nature of such repair and/or alteration;

(c)     the exact location(s) of each such repair and/or alteration;

(d)     the identity of the person(s) involved in the decision making process to perform the subject repair and/or alteration and the decision making process as to exactly where the repair and/or alteration was to be made;

(e)     the identity of the person(s)/business entity(ies) which performed the subject repair and/or alteration; and

(f)     the reason(s) for such repair and/or alteration.

23.

Identify each and every document which refers to, reflects or evidences the information sought in Interrogatory No. 22 above.

24.

Was the fall of Ms. Watson a reason, in whole or in part, to perform any patching of the subject premises area after Ms. Watson's fall? If the answer to this Interrogatory is in the affirmative, was it determined that there was an area or areas of concrete in the area where Ms. Watson slipped and fell that was considered potentially unsafe for pedestrian traffic by being too slippery or the like? If the answer to this Interrogatory is in the affirmative, identify all person(s) who were involved in an investigation into such, the conclusion reached by each such person as to the issue above and the identity of any document which refers to, reflects or evidences the investigation and conclusions reached.

25.

Was any repair and/or alteration, to include, but not limited to, patching, made prior to the subject incident in which the subject premises area where Ms. Watson was injured on May 4, 2012?

26.

If the answer to Interrogatory number 25 above is in the affirmative, describe in detail the following:

    (a)    the date(s) of each such repair and/or alteration;

    (b)    the exact nature of such repair and/or alteration;

    (c)    the exact location(s) of each such repair and/or alteration;

    (d)    the identity of the person(s) involved in the decision making process to perform the subject repair and/or alteration and the decision making process as to exactly where the repair and/or alteration was to be made;

    (e)    the identity of the person(s)/business entity(ies) which performed the subject repair and/or alteration; and

    (f)    the reason(s) for such repair and/or alteration.

27.

Identify each and every document which refers to, reflects or evidences the information sought in Interrogatory No. 26 above.

28.

As to those patches evidenced at or near the subject premises area that are rough with respects to its contour (hereinafter "rough contour"), was the decision to have a rough contour to decrease the risk of slipping by pedestrians using such area for travel? If yes, identify the person(s) who has knowledge of the decision to utilize a rough contour regarding such patches, the date(s) such rough contour patching was placed and the identity of each and every document which refers to, reflects or evidences such decision and actual placing of the subject patching.

29.

Identify each and every document which in any way evidences the policies and/or procedures of this Defendant regarding the inspection and/or maintenance and/or repair of any and all premises at the 1180 Building, to include, but not limited to, the subject premises area, that were in effect on May 4, 2012.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

The original of each and every written statement or transcript of a recorded statement which covers the facts and/or circumstances of the incident which gives rise to the Complaint in this action, said statements being more fully described in this Defendant's Answer to Interrogatory No. 4 of Plaintiff's First Interrogatories.

2.

The originals of each and every photograph, videotape or other pictorial representation concerning the events and happenings alleged in Plaintiff's Complaint which are available to this Defendant, said items being described more fully in this Defendant's Answer to Interrogatory No. 5 of Plaintiff's First Interrogatories.

3.

A copy of each and every written or recorded statement or report concerning the study or investigation of any pedestrian fall on the concrete ramp where Ms. Watson fell prior to May 5, 2012.

4.

A copy of each and every written or recorded statement or report concerning the investigation of each witness expected to be called as an expert on the trial of this matter, said

-14-

written or recorded statement or report being more fully described in this Defendant's Answer to Interrogatory Nos. 6 and 7 of Plaintiff's First Interrogatories.

5.

Each and every policy of liability insurance identified in this Defendant's Answer to Interrogatory No. 8 of Plaintiff's First Interrogatories.

6.

A copy of each and every inspection report prepared by the direction of this Defendant or any agent or employee of Defendant regarding the condition of the subject premises area on the date of Plaintiff's fall.

7.

A copy of each and every document which in any way evidences the policies and/or procedures of this Defendant regarding the inspecting and/or maintenance and/or repair of the subject area premises which were in effect on the date of Plaintiff's fall.

8.

A copy of each and every document which in any way refers, reflects or evidences any fall identified in this Defendant's Response to Plaintiff's Interrogatory Nos. 13 and 14 of Plaintiff's First Interrogatories.

9.

A copy of each and every incident report pertaining to Plaintiff's fall.

10.

A copy of all documents identified in this Defendant's Answers to Plaintiff's Interrogatories, to include, but not limited to, Interrogatories Nos. 4, 5, 6, 7, 8, 14, 18, 19, 23, 24, 27, 28, and 29.

11.

A copy of all documentary evidence not included in the list above which is relevant to any issue in this case which might lead to the production of other evidence which is admissible.

This _23rd_ day of April, 2014.

KATZ, STEPP, WRIGHT & FLEMING, LLC

Robert U. Wright
Georgia State Bar No. 778750
Attorney for Plaintiff

One Decatur Town Center, Suite 300
150 Ponce de Leon Avenue
Decatur, GA 30030
404-240-0400 Office
404-923-7495 Direct
404-240-0401 Fax
rwright@robertwrightlaw.net

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

CAVARENA WATSON,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )   CIVIL ACTION
                                          )   FILE NO.:   14EV000873A
                                          )
1180 PEACHTREE OFFICE                     )
INVESTORS, LLC and GE ASSET               )
MANAGEMENT, INCORPORATED,                 )
                                          )
        Defendants.                       )
                                          )

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GE ASSET MANAGEMENT, INCORPORATED

COMES NOW, Cavarena Watson, Plaintiff in the above-referenced action, by and through her attorney, pursuant to O.C.G.A. §§ 9-11-26, 9-11-33 and 9-11-34, serves her First Interrogatories and Request for Production of Documents to Defendant GE Asset Management, Incorporated (hereinafter referred to as "Defendant GE Asset") requiring full and complete responses within forty-five (45) days from service under oath in accordance with the Georgia Civil Practice Act.

## DEFINITIONS

The following definitions shall apply to each of these Interrogatories.

(a)     The definitions, abbreviations and nomenclature used in the subject Complaint are incorporated herein by reference.

(b)     The terms "person" and "persons" shall mean and include any natural person, partnership, corporation, joint venture, unincorporated association, government or agency, quasi-public agency or entity, and any other form of entity of whatever kind.

(c)     The term "identify" when used with respect to a person, shall include the person's full name, present or last known residential and business addresses, and present or last known residential and business telephone numbers.

(d)     The term "identify" when used with regard to a corporation, partnership, joint venture, company, business entity, or other organization, shall include the full and proper name of the organization, the type of organization, and the principal place of business and the address of the principal place of business of such organization.

(e)     The term "identify" when used with regard to a person(s) shall include the full and proper name of such person(s) and the last known residence and employment address and telephone number of such person(s).

(f)     The terms "refer" or "relating to" shall mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical or causal connection.

(g)     The terms "and" as well as "or" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.

(h)     Whenever necessary to bring within the scope of an interrogatory any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "any" includes "all," and "all" includes "any."

-2-

(i)     The use of feminine pronouns shall be deemed to include the masculine and neuter, and the use of masculine pronouns shall be deemed to include the feminine and neuter.

(j)     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

(k)     The term "you" or "your" shall refer to the defendant(s) to whom these interrogatories and requests for production of documents are addressed.

(l)     The term "Defendant," or any synonym thereof, in intended to, and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of the Defendants.

## INSTRUCTIONS

The following instructions shall apply to each of Plaintiff's First Interrogatories.

(a)     Please provide complete, thorough responses to each of the following interrogatories to the best of your ability.

(b)     Each and every interrogatory shall be deemed continuing in nature so as to require the responding party to promptly supplement answers to any such interrogatory pursuant to the Georgia Civil Practice Act.

(c)     Pursuant to the Georgia Civil Practice Act, the responding party has a continuing duty to amend any response if it obtains information at any time following service of the response on the basis of which (a) the responding party knows that the response was incorrect when made, or (b) the responding party knows that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

-3-

(d)     If the responding party cannot answer an interrogatory in full, the responding party shall answer nonetheless to the extent possible and provide an explanation of the reason or reasons why the responding party cannot provide a complete response.

(e)     With respect to any objection made regarding any interrogatory that the information requested is privileged in any way, such information must nonetheless be identified in accordance with Instruction © above, and the specific factual and legal foundation for the objection must be stated.

(f)     If the responding party does not feel that he, she or it can properly respond to any interrogatory because a material term is vague, the responding party has a duty to give the term its broadest definition and respond to the best of his, her or its ability.  If the responding party limits a response in any way based on a contention that a particular term or terms are vague, the response given should indicate what definition of the allegedly vague term was used in preparing the response.

## INTERROGATORIES

1.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses, to include, but not limited to, security guards working in the area of the parking lot of the 1180 Building, known to this Defendant who saw, or claim they saw Ms. Watson before, during or after her subject fall on May 4, 2012.

2.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all witnesses known to

-4-

this Defendant who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence. Such witness should include, but not limited, security guards, a person in a management position of the building named "Larry" and an African-American assistant to "Larry" who took photographs of the subject premises area where Ms. Watson fell with a camera, iPhone or the like.

3.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons known to this Defendant who have knowledge of relevant information, facts or circumstances in this case.

4.

Please state the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who have given written or recorded statement(s) covering the facts and/or circumstances of the incident which is the subject matter of this litigation. Further, identify each such statement with sufficient particularity to satisfy a Request for Production of Documents.

5.

On the event you or anyone acting in your behalf have or have knowledge of any photographs or other pictorial representations, to include, but not limited to, security videotape, concerning the events and happenings alleged in Plaintiff's Complaint, please state the following:

    (a)    its nature;

    (b)    its specific subject matter;

    (c)    the date it was made or taken;

-5-

(d)     the name and address of the person making or taking it;

(e)     what each item purports to show; and

(f)     the name, address and telephone number of the person having custody of each such item or items.

Such Interrogatory includes, but is not limited to, all photographs taken by an African-American assistant to "Larry" referenced above, as well as all security videotape or the like which, to Ms. Watson's knowledge, filmed the subject fall by Ms. Watson.

6.

Please state the name, address, and telephone number of each person (whether your employee or not), who, by virtue of his experience, education or training, is an expert or is believed by you to be qualified as an expert, and/or who has been retained by you or on your behalf to make an investigation or study of the incident under investigation. With respect to each such person, please state the following:

(a)     the subject matter said person was retained to study or investigate;

(b)     the substance of the facts and opinions or conclusions found or arrived at by each such person;

(c)     a summary of the facts or grounds for the opinions and conclusions of each such person; and

(d)     whether or not such person provided you with a written or recorded statement or report concerning their study or investigation, and if so, please state the date of the report, the name and address of the preparer of the report, and the name and address of all persons known to you to have a copy of each such statement or report.

-6-

7.

Please state the name, address and telephone number of all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter, and with respect to each such person, please state the following:

    (a)    the specific subject matter on which you expect such expert to testify;

    (b)    the substance of the facts, opinions and conclusions to which you expect such expert to testify;

    (c)    a summary of the facts or grounds for each such opinion or conclusion; and

    (d)    whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation and, if so, the name and address of all persons who have custody of such report or statement.

8.

State whether there is or was in existence any policy or policies of liability insurance which would or might enure to the benefit of the Plaintiff here by providing for payment of a part of, or all of any judgment rendered in favor of the Plaintiff against Defendant or against any other person, firm or corporation who is or may be liable to the Plaintiffs by reason of the incident described in the Complaint, and if the answer is yes, state as follows as to each such policy of insurance known or believed to exist by you or your attorneys:

    (a)    the name and address of the insurer on each such policy;

    (b)    the name and address of each named insured on each such policy;

    (c)    the relationship, if any, between each named insured on each such policy, and any named Defendant in this cause;

    (d)    the policy number of each such policy;

(e)   the name and address of any firm, person or corporation who is or may be an "additional insured" under such policy by reason of the incident described in the Complaint, and the relationship, if any, between such "additional insured" and any named Defendant in this cause of action;

(f)   the limits of liability of such policy as might be applied to any one Plaintiff by reason of any one incident and the total limits of liability to all persons by reason of any one incident;

(g)   whether or not any insurer has notified any insured that said insurer or any other person, firm or corporation must pay a part of, or all of any judgment before the insurer must make any payment; if so, what payment must be made and by whom before the insurer must make payment;

(h)   whether or not any insurer has notified any insured that said insurer claims that there is or may be no coverage under the terms of the policy of insurance involved and if the answer is "yes," describe the reason given for the claimed lack of coverage or failure thereof as stated by said insurer (identifying same) to said insured (identifying same), and state the date of such notice; and

(i)   whether or not all "excess" and "catastrophe" and "umbrella" policies known to exist are listed above and if not, why not.

9.

State the names, addresses, home telephone numbers, places of employment, work telephone numbers, job titles or capacities, and present whereabouts of all persons who are believed by you to have knowledge about and concerning the physical condition of Ms. Watson prior to and following the incident described in the Complaint.

10.

If you contend that Plaintiff has brought suit against the wrong entity due to a misnomer or otherwise, please state the complete name of the correct Defendant in this action.

11.

If you contend that venue or jurisdiction is improper in the within action, please give the facts upon which you base that contention.

12.

State the name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles or capacities, and present whereabouts of any and all persons who were responsible for inspecting the subject premises area where Ms. Watson slipped and fell from May 4, 2010 to May 5, 2012.

13.

State the name, addresses, home telephone numbers, present place of employment, work telephone numbers, job titles or capacities, and present whereabouts of any and all persons known to Defendant who fell on or around the subject premises area through and including the date of Ms. Watson's fall on May 4, 2012.

14.

In reference to the "fall" of the individuals identified in the previous Interrogatory, please state the following:

    (a)    the precise location on the premises where the individual tripped and fell;

    (b)    the cause which said individual alleges was responsible for the fall; and

    (c)    the name, addresses, home  telephone numbers, present place of employment, work telephone numbers, job titles or capacities and present whereabouts of any

and all persons having knowledge regarding said fall and the identity of any document which refers to, reflects or evidences such fall.

15.

Please state the name, address, telephone number and last known whereabouts of any and all individuals, companies and/or entities who were responsible for maintaining the subject premises area where Ms. Watson fell from May 4, 2010 to May 5, 2012.

16.

Please state the name, address, telephone number and last known whereabouts of any and all individuals, companies and/or entities who were responsible for supervising the subject premises area where Ms. Watson fell from May 4, 2010 to May 5, 2012.

17.

Please define your interest in and/or relationship to the 1180 Building at the time of the subject incident. (i.e. owner, lessee, manager, etc.)

18.

Did this Defendant receive or learn of any complaint, warning, or other notice from any source, concerning any slippery or slick concrete area at or near the subject premises area prior to the accident? If so, for each complaint, warning or other notice, please state the date and time it was received; whether it was written, or oral, and if oral, the substance of it; the name, address and job title of the person who provided and received it; whether any action was taken as a result of it, and if so, a description of the action, the time at which it was taken and the identity of any document that refers to, reflects or evidences such complaint, warning or other notice.

19.

During the two year period prior to Ms. Watson's fall, was any inspection(s) of the subject premises area made to determine whether the subject area was in a safe condition for pedestrian traffic? If so, please state the frequency of such inspections; the date and time of each such inspection prior to the accident; the name, address, and job title of the person who made each such inspection; a description of, or the substance of, the findings that were made on each such inspection; whether any instructions were given as a result of each such inspection to alter anything in the area of the accident and the identify of any document which refers to, reflects or evidences any and all such inspections from May 4, 2010 to May 4, 2012.

20.

Was any warning given to the Plaintiff or any other person concerning any danger in the area where the subject fall occurred prior to the subject fall?

21.

Was any repair and/or alteration, to include, but not limited to, patching, made subsequent to the subject incident in or around the subject premises area where Ms. Watson was injured on May 4, 2012?

22.

If the answer to Interrogatory number 21 above is in the affirmative, describe in detail the following:

(a)     the date(s) of each such repair and/or alteration (it is Ms. Watson's understanding that within a few days after her fall, there were patches of concrete or the like that were placed at and around the subject premises area);

(b)     the exact nature of such repair and/or alteration;

-11-

(c)    the exact location(s) of each such repair and/or alteration;

(d)    the identity of the person(s) involved in the decision making process to perform the subject repair and/or alteration and the decision making process as to exactly where the repair and/or alteration was to be made;

(e)    the identity of the person(s)/business entity(ies) which performed the subject repair and/or alteration; and

(f)    the reason(s) for such repair and/or alteration.

23.

Identify each and every document which refers to, reflects or evidences the information sought in Interrogatory No. 22 above.

24.

Was the fall of Ms. Watson a reason, in whole or in part, to perform any patching of the subject premises area after Ms. Watson's fall?. If the answer to this Interrogatory is in the affirmative, was it determined that there was an area or areas of concrete in the area where Ms. Watson slipped and fell that was considered potentially unsafe for pedestrian traffic by being too slippery or the like? If the answer to this Interrogatory is in the affirmative, identify all person(s) who were involved in an investigation into such, the conclusion reached by each such person as to the issue above and the identity of any document which refers to, reflects or evidences the investigation and conclusions reached.

25.

Was any repair and/or alteration, to include, but not limited to, patching, made prior to the subject incident in which the subject premises area where Ms. Watson was injured on May 4, 2012?

-12-

26.

If the answer to Interrogatory number 25 above is in the affirmative, describe in detail the following:

     (a)     the date(s) of each such repair and/or alteration;

     (b)     the exact nature of such repair and/or alteration;

     (c)     the exact location(s) of each such repair and/or alteration;

     (d)     the identity of the person(s) involved in the decision making process to perform the subject repair and/or alteration and the decision making process as to exactly where the repair and/or alteration was to be made;

     (e)     the identity of the person(s)/business entity(ies) which performed the subject repair and/or alteration; and

     (f)     the reason(s) for such repair and/or alteration.

27.

Identify each and every document which refers to, reflects or evidences the information sought in Interrogatory No. 26 above.

28.

As to those patches evidenced at or near the subject premises area that are rough with respects to its contour (hereinafter "rough contour"), was the decision to have a rough contour to decrease the risk of slipping by pedestrians using such area for travel?  If yes, identify the person(s) who has knowledge of the decision to utilize a rough contour regarding such patches, the date(s) such rough contour patching was placed and the identity of each and every document which refers to, reflects or evidences such decision and placing of the subject patching.

29.

Identify each and every document which in any way evidences the policies and/or procedures of this Defendant regarding the inspection and/or maintenance and/or repair of any and all premises at the 1180 Building, to include, but not limited to, the subject premises area, that were in effect on May 4, 2012.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.

The original of each and every written statement or transcript of a recorded statement which covers the facts and/or circumstances of the incident which gives rise to the Complaint in this action, said statements being more fully described in this Defendant's Answer to Interrogatory No. 4 of Plaintiff's First Interrogatories.

2.

The originals of each and every photograph, videotape or other pictorial representation concerning the events and happenings alleged in Plaintiff's Complaint which are available to this Defendant, said items being described more fully in this Defendant's Answer to Interrogatory No. 5 of Plaintiff's First Interrogatories.

3.

A copy of each and every written or recorded statement or report concerning the study or investigation of any pedestrian fall on the concrete ramp where Ms. Watson fell prior to May 5, 2012.

4.

A copy of each and every written or recorded statement or report concerning the investigation of each witness expected to be called as an expert on the trial of this matter, said

-14-

written or recorded statement or report being more fully described in this Defendant's Answer to Interrogatory Nos. 6 and 7 of Plaintiff's First Interrogatories.

5.

Each and every policy of liability insurance identified in this Defendant's Answer to Interrogatory No. 8 of Plaintiff's First Interrogatories.

6.

A copy of each and every inspection report prepared by the direction of this Defendant or any agent or employee of Defendant regarding the condition of the subject premises area on the date of Plaintiff's fall.

7.

A copy of each and every document which in any way evidences the policies and/or procedures of this Defendant regarding the inspecting and/or maintenance and/or repair of the subject area premises which were in effect on the date of Plaintiff's fall.

8.

A copy of each and every document which in any way refers, reflects or evidences any fall identified in this Defendant's Response to Plaintiff's Interrogatory Nos. 13 and 14 of Plaintiff's First Interrogatories.

9.

A copy of each and every incident report pertaining to Plaintiff's fall.

10.

A copy of all documents identified in this Defendant's Answers to Plaintiff's Interrogatories, to include, but not limited to, Interrogatories Nos. 4, 5, 6, 7, 8, 14, 18, 19, 23, 24, 27, 28, and 29..

-15-

11.

A copy of all documentary evidence not included in the list above which is relevant to

any issue in this case which might lead to the production of other evidence which is admissible.

This ___23ʳᵈ___ day of April, 2014.

KATZ, STEPP, WRIGHT & FLEMING, LLC

Robert U. Wright
Georgia State Bar No. 778750
Attorney for Plaintiff

One Decatur Town Center, Suite 300
150 Ponce de Leon Avenue
Decatur, GA 30030
404-240-0400 Office
404-923-7495 Direct
404-240-0401 Fax
rwright@robertwrightlaw.net